FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JON HUDNALL and SHEILA HUDNALL on behalf of minor child J.H., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PASCO, PASCO POLICE DEPARTMENT, PASCO POLICE DEPARTMENT CHIEF KEN ROSKE, individually and in his professional capacity, PASCO POLICE DEPARTMENT SCHOOL RESOURCE OFFICER CURTIS KING, individually and in his professional capacity, PASCO POLICE DEPARTMENT OFFICER JEFFREY COBB, individually and in his professional capacity, PASCO POLICE DEPARTMENT SERGEANT RIGO PRUNEDA, individually and in his professional capacity, CHIAWANA HIGH SCHOOL, PASCO SCHOOL DISTRICT #1, CHIAWANA HIGH SCHOOL PRINCIPAL JAIME MORALES, individually and in his | NO. 4:23-CV-5168-TOR <br><br> ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS |

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 1

| | |
|---|---|
| original capacity, CHIAWANA HIGH SCHOOL ASSISTANT PRINCIPAL BRYAN MEREDITH, individually and in his original capacity, CHIAWANA HIGH SCHOOL ASSISTANT PRINCIPAL TONY RUBALCAVA, individually and in his original capacity, | |
| Defendants. | |

BEFORE THE COURT is the School District Defendants' Motion to Dismiss (ECF No. 7). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**.

## BACKGROUND

This case arises out of the arrest of a minor student at Chiawana High School. Because the issues before the Court arrive in the posture of a Rule 12(b)(6) motion to dismiss, the Court reviews the following facts in the light most favorable to the Plaintiff. *Interpipe Contracting, Inc. v. Becera*, 898 F.3d 879, 886-87 (9th Cir. 2018) (citing *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017)).

In late June 2021, the Hudnall family took a camping trip along the Tuscannon River with their then-fourteen-year-old son, Plaintiff J.H., a student at

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 2

Chiawana High School. ECF No. 3 at 7, ¶ 4.1. At the campsite, Plaintiff used his cellphone camera to take a "selfie"[1] while holding a firearm. *Id.* at 8, ¶ 4.2. After returning home from the trip, Plaintiff sent the photo to four friends through Instagram and Snapchat, two social media applications for sharing pictures. *Id.* at ¶ 4.3. Plaintiff maintains that he did not share the photo with anyone else. *Id.*

Approximately six months later, on December 6 or 7, 2021, L.J., another minor student at Chiawana High School, approached Plaintiff and showed Plaintiff his phone, which had Plaintiff's selfie with the firearm on the screen. *Id.* at ¶ 4.4. Plaintiff had not previously sent L.J. the photo. *Id.* Plaintiff walked away without responding. *Id.*

Several days later, on December 9, 2021, three school resource officers (SROs) collected Plaintiff from his classroom. *Id.* at 8-9, ¶ 4.6. SRO Curtis King took Plaintiff to the school resource office and questioned him there about the selfie. *Id.* SRO King then showed Plaintiff the photo, which had been published

---

[1] A "selfie" is "an image of oneself taken by oneself using a digital camera." *United States v. Laursen*, 847 F.3d 1026, (9th Cir. 2017) (quoting Merrian-Webster Online Dictionary, http://merriam-webster/com/dictionary/selfie (last visited Sept. 22, 2016)).

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 3

on an Instagram account named "CHS_Hotties1." *Id.* at 9, ¶ 4.7. The caption under the image read "[G]o out with me or die." *Id.*

Plaintiff averred that he believed L.J. owned the CHS_Hotties1 account based on his ownership of a related "Chiawana Drip +More" Instagram account, but did not have any further information. *See id.* at 8 at ¶ 4.4; 9 at ¶ 4.8. Later, when directed to write a statement, L.J. admitted that the post "was an accident gone wrong" and averred that Plaintiff did not post the photo or write the caption. *Id.* at 9, ¶ 4.11. Both Instagram pages were later deleted. *Id.* at 12, ¶ 4.22.

The SROs also showed Plaintiff that the selfie had been posted on CapCut, a different social media application used for video editing. *Id.* at 9-10, ¶ 4.11. The video featured the selfie, a "silly picture," and four memes.[2] *Id.* The video was reportedly created and published by H.S., one of the four minors to whom Plaintiff had originally sent the photo. *Id.* Plaintiff informed the SROs that he did not ask H.S. to make the video. *Id.* On the limited record before the Court, it is unclear whether Plaintiff was aware of the video's creation and dissemination before this

---

[2] A "meme" is "an amusing or interesting item (such as a captioned picture or video) or genre of items that is spread widely online especially through social media." Merriam-Webster, https://www.merriam-webster.com/dictionary/meme (last accessed Apr. 1, 2024).

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 4

meeting.

SRO King instructed Plaintiff to hand over his unlocked cell phone for further inspection. *Id.* at 9, ¶ 4.9. Plaintiff complied. *Id.* SRO King then allegedly placed several phone calls to unknown persons. *Id.* at ¶ 4.10. In one phone call, Officer King reportedly stated that he "want[ed] [Plaintiff] to go to jail" even if he was not the one who published the Instagram and CapCut posts. *Id.*

After questioning Plaintiff further, SRO King read Plaintiff his rights and directed him to write a statement. *Id.* at 10, ¶ 4.13. While Plaintiff was writing a statement, SRO King called Plaintiff's mother, Sheila Hudnall. *Id.* SRO King relayed that he believed Plaintiff was telling the truth about not circulating the selfie on social media but that his supervisor, Sergeant Rigo Pruneda, had directed him to arrest Plaintiff. *Id.* at ¶ 4.15. Mrs. Hudnall instructed SRO King to cease questioning Plaintiff without an attorney present. *Id.* at ¶ 4.16.

At some point during the course of the investigation, Chiawana High School Assistant Principals Bryan Meredith and Tony Rubalcava joined Plaintiff and SRO King in the school resource office. *Id.* at 11, ¶ 4.19. Both overheard Mrs. Hudnall tell SRO King not to further question Plaintiff without an attorney. *Id.*

Mrs. Hudnall and Plaintiff's father, Jon Hudnall, arrived at Chiawana High School to meet with administrators shortly after speaking to SRO King over the phone. *Id.* at ¶ 4.17. Assistant Principals Rubalcava and Meredith then informed

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 5

Mr. and Mrs. Hudnall that Plaintiff was being placed on emergency expulsion and that the expulsion was not subject to appeal. *Id.* at ¶¶ 4.17-18. Mr. and Mrs. Hudnall also met with SRO King and Officer Jeffrey Cobb, who informed them that Plaintiff was going to be arrested. *Id.* at 11-12, ¶ 4.20.

Plaintiff was transported off-campus in a police vehicle to the Benton-Franklin Counties Juvenile Justice Center and arrested for Threats to Kill, a felony, after being advised of his rights. *Id.* at 12, ¶ 4.21. Plaintiff was bonded out after one night. *Id.* at 12, ¶ 4.23. Ten months later, on October 12, 2022, the Franklin County Prosecutor's Office formally declined to file charges against Plaintiff. *Id.* at 13, ¶ 4.25.

Plaintiff alleges he suffers ongoing fear, anxiety, depression, property loss and humiliation as a result of these events. *Id.* at ¶ 4.26. On December 11, 2023, Plaintiff filed a lawsuit in this Court against Defendants Chiawana High School, Pasco School District No. 1, Chiawana High School Principal Jaime Morales, and Chiawana High School Assistant Principals Meredith and Rubalcava (collectively "the School Defendants"). *See* ECF Nos. 1; 3. Plaintiff sues (1) the School Defendants for the deprivation of his right to an education under 42 U.S.C. § 1983 and (2) the Pasco School District for negligent training, retention, and supervision of its SROs. *Id.* at 11, ¶ 4.17; 21, ¶ 6.3.

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 6

# DISCUSSION

The School Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6), generally asserting that (1) Defendant Chiawana High School is not a legal entity capable of being sued; (2) there are no claims of wrongdoing against Defendant Morales; (3) Plaintiff fails to state a negligent, retention, training, and supervision claim against the School District; (4) Plaintiff fails to state a Section 1983 claim against the School District for the deprivation of the right to an education; and (5) Defendants Morales, Meredith, and Rubalcava are entitled to qualified immunity on Plaintiff's claim for the deprivation a right to an education. ECF No. 7 at 2. For the reasons which follow, the Court agrees that dismissal of Plaintiff's claims against the School Defendants is warranted.

## I. Motion to Dismiss Standard

The Court begins by reviewing the familiar legal standard for a Rule 12(b)(6) motion to dismiss. A motion to dismiss premised on Rule 12(b)(6) "tests the legal sufficiency" of a plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b)(6) (allowing defendants to bring a motion to dismiss for "failure to state a claim upon which relief can be granted"). A complaint tested under the Rule 12(b)(6) standard may "fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159,

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 7

1162 (9th Cir. 2016). Put another way, to overcome a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions" or "a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (providing that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim") (quoting *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993) (brackets omitted)).

In ruling on a 12(b)(6) motion, the court must accept all "factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting*, 898 F.3d at 887. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. The court may consider the complaint as well as materials incorporated into the complaint by reference. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v.*

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 8

1  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Bearing these principles

2  in mind, the Court turns to the School Defendants' arguments.

3  **II.    Defendant Chiawana High School**

4        Defendants submit that Chiawana High School must be dismissed as a

5  defendant because it is not a legal entity subject to suit.  ECF Nos. 7 at 5-6; 14 at 2-

6  3.  Plaintiff does not address this argument.  *See* ECF No. 13 at 6-11.  When a

7  plaintiff fails to address a claim in opposition to a motion to dismiss, courts

8  generally treat those contentions as abandoned or conceded.  *See Herson v. City of*

9  *Reno*, 622 F. App'x 635, 636 (9th Cir. 2015) (citing *Walsh v. Nevada Dep't of*

10  *Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)).  In the interests of resolving this

11  issue on the merits, however, the Court will consider the substance of Defendants'

12  contentions.

13        Rule 17(b) dictates that the capacity of a governmental entity such as

14  Chiawana High School to be sued in federal court is determined by looking to the

15  law of the state where the court is located.  *See* Fed. R. Civ. P. 7(b)(3).  Under

16  Washington law, courts seeking to resolve the question of whether a governmental

17  entity is a separate legal entity capable of being sued in its own right must

18  "examine the enactment providing for [the entity's] establishment."  *Roth v.*

19  *Drainage Imp. Dist. No. 5 of Clark Cnty.*, 64 Wash.2d 586, 588 (1964).  If the

20  enacting provision does not create a separate legal entity with the capacity to sue or

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 9

1  be sued, then the legal action should be brought against the greater entity of which

2  that body is a part.  *See, e.g.*, *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883

3  (1990) (finding that the Snohomish City Council was not subject to suit because it

4  was not a separate legal entity, but instead a unit of Snohomish County, which was

5  an entity capable of suing and being sued under the implementing statutes); *see*

6  *also, e.g.*, *Confederated Tribes & Band of Yakama Nation v. Klickitat Cnty.*, 1:17-

7  CV-3192-TOR, 2018 WL 8620412, at *3 (June 29, 2018) (concluding that the

8  Klickitat County Department of the Prosecuting Attorney could be sued directly as

9  it was not a mere entity of the County).

10      In this instance, RCW 28A.320.010 is controlling.  That provision provides

11  that Washington school districts "shall possess all the usual powers of a public

12  corporation, and in that name and style may sue and be sued."  Notably, Chapter

13  28A.320 and related provisions do not contain any parallel provision bestowing

14  similar powers upon a public school.  Instead, those statutes commit the

15  administration of K-12 public schools to the board of directors of each school

16  district.  *See* RCW 28A.150.070; RCW 28A.320.015(1)(a).  As such, it does not

17  appear that Chiawana High School is a separate legal entity apart from the district

18  capable of being sued in its own right.  Accordingly, Plaintiff's claims against

19  Chiawana High School must be dismissed with prejudice.  *See Cervantes v.*

20

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 10

1  *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (district
2  courts may dismiss without leave to amend where amendment would prove futile).

3  **III.    Defendant Morales**

4        Defendants urge that Defendant Morales must also be dismissed from this
5  suit because Plaintiff has failed to allege that Defendant Morales engaged in any
6  wrongful or legally impermissible action.  ECF No. 7 at 6-7.  Plaintiff answers that
7  Defendant Morales had the duty to supervise, train, and control his subordinate
8  employees' conduct but failed to do so in allowing Defendants Meredith and
9  Rubalcava to witness the constitutional deprivation of Plaintiff's rights by the
10 investigating and arresting officers.  ECF No. 13 at 7.  Plaintiff also alleges that
11 Defendant Morales directly engaged in the deprivation of Plaintiff's rights by
12 ratifying his expulsion without investigation.  *Id.*

13       The only mention of Defendant Morales in the amended complaint is in the
14 "Parties" section, which asserts that Defendant was the Principal of Chiawana
15 High School and an employee of the School District at the time of the events
16 giving rise to the complaint.  ECF No. 3 at 6, ¶ 2.10.  This fact does not allow the
17 Court to "draw the reasonable inference that the defendant is liable for the
18 misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  Without some
19 further information, the Court cannot determine to what extent, if at all, Defendant
20 Morales motivated Defendants Meredith and Rubacalva's conduct or even whether

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 11

Defendant Morales played any role in Plaintiff's expulsion at all—the complaint indicates that only the assistant principals were at the conference with Plaintiff's parents. ECF No. 3 at 11, ¶ 4.17. As such, the claims against Defendant Morales are dismissed.

### IV.   Negligent Training, Retention, & Supervision

Plaintiff asserts claims against Pasco School District No. 1 for negligent training, retention, and supervision of the SROs. ECF No. 3 at 21-22, ¶¶ 6.2-6.6.

In Washington, "[n]egligent hiring or retention and negligent supervision or training are recognized causes of action." *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wash. App. 25, 46 (2016). However, these causes of action are legally distinct. *Id.* at 46-47. Negligent hiring occurs when "[a]n employer negligently hires an employee when it knew or should have known that the employee was unfit for the position." *Anderson v. Soap Lake Sch. Dist.*, 191 Wash.2d 343, 356 (2018); *see also, e.g., Carlsen v. Wackenhut Corp.*, 73 Wash. App. 247, 252 (1994) ("To prove negligent hiring in Washington, the plaintiff must demonstrate that . . . the employer knew or, in the exercise of ordinary care, should have known, of its employee's unfitness at the time of hiring."). By contrast, "negligent retention occurs during the course of employment." *Anderson*, 191 Wash.2d at 356. Similar to negligent hiring, negligent retention "consists of retaining the employee with knowledge of his unfitness, or of failing to use reasonable care to discover it before

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 12

retaining him." *Id.* at 358 (internal quotations and citations omitted) (cleaned up); 356 ("The difference between negligent hiring and negligent retention is timing.").

In *Anderson*, the mother of a decedent high school student brought a claim for negligent hiring or retention against the school district after her daughter was killed in a single-car accident after drinking alcohol supplied by her school basketball coach. *Anderson*, 191 Wash.2d at 347. The Washington State Supreme Court concluded that the mother could not prevail on her claim for negligent hiring or retention, explaining that she had not presented any evidence that the coach was unqualified for the position, had a history of serving alcohol to minors, or that additional background checks would have revealed his propensity for serving minors. *Id.* at 357-59.

Like in *Anderson*, Plaintiff has not alleged a set of facts, which if proven, would show that the School Defendants were negligent in their hiring or retention of the SROs. The complaint and supporting pleadings are completely bereft of any information regarding what facts or events should have alerted Defendants of the SROs' apparent unfitness, or what efforts Defendants should have undertaken to uncover the SROs' alleged unfitness. More problematically, Defendants allege they had no control over the hiring and retention of either Officer Cobb or Sergeant Pruneda. *See* ECF No. 7 at 8. Therefore, Plaintiff could not prevail on a claim for negligent hiring and retention over those two employees as a matter of course.

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 13

Plaintiff's claims for negligent training or supervision are likewise flawed. To state a claim for negligent training or supervision, a plaintiff must establish the employee was "acting outside the scope of his employment." *Harris v. Fed. Way Pub. Schs.*, 21 Wash. App. 2d 144, 146 (2022) (quoting *Anderson*, 191 Wash.2d at 361). Otherwise, when an employee's actions were within his scope of employment, "the claims for negligent training and supervision against the District collapse into claims for vicarious liability." *Id.* Vicarious liability "imposes liability on an employer for the torts of an employee who is acting on the employer's behalf." *Niece v. Elmview Grp. Home*, 131 Wash.2d 39, 48 (1997).

Here, the parties agree that the SROs' actions were within the scope of their employment. *See* ECF Nos. 7 at 8; 13 at 7-8; 14 at 5-6. Plaintiff's response to Defendants' motion to dismiss admits that its claims for negligent training and supervision may fail but presses that "its *respondeat superior* claims survive." ECF No. 13 at 7-8. However, the complaint does not include a vicarious liability claim against the Pasco School District. *See* ECF Nos. 1; 3. The only pending *respondeat superior* claim is against the City of Pasco. ECF No. 3 at 15, ¶ 4.34. As such, the claims for negligent hiring or retention and negligent supervision or training are dismissed.

//

//

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 14

V.  **Section 1983 Claims**

Plaintiff argues that the School Defendants deprived him of his right to an education in violation of 42 U.S.C. § 1983. To prevail on a Section 1983 claim, a plaintiff must succeed in showing that a person acted under color of state law to subject another "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The amended complaint alleges that the School Defendants placed Plaintiff on emergency expulsion, thereby "effectively depriving him of his right to [an] education." ECF No. 3 at 11, ¶ 4.17. This claim cannot move forward because there is no fundamental right to an education under the United States Constitution. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."); *Plyer v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right' granted to individuals by the Constitution."). Accordingly, Plaintiff cannot establish that Defendants deprived him of a right secured by the United States Constitution under

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 15

Section 1983.

While the Constitution does not recognize a right to public education, state law may fill in that gap. *See S.B. by and through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1251 (E.D. Cal. 2018) ("While there is no fundamental right to an education of *any* type under the federal constitution, state law may nonetheless create an entitlement to education or other property rights to which constitutional procedural due process then applies.") (emphasis in original). The Washington Constitution requires the State to "make ample provision for the education of all children residing within its borders, without distinction or preference on account of race, color, caste, or sex." Wash. Const. art. IX, § 1; *see also M.G. by Pricilla G. v. Yakima Sch. Dist. No. 7*, --- Wash. ---, 544 P.3d 460, 463 (2024) (affirming that student's long-term suspension for an indefinite period of time violated RCW 28A.600.015(1) and WAC 392-400-430(8)). However, violations of state laws or state constitutional provisions will not support a claim under Section 1983. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by [Section 1983]. Violations of state law alone are insufficient."). Therefore, to present a claim under Section 1983 for the deprivation of a state-created right to education, Plaintiff would have needed to allege, for instance, that Defendants denied him of that right without due process of law under the Fourteenth Amendment or some

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 16

other provision of the federal Constitution.  See, e.g., Hernandez v. Grisham, 508 F. Supp. 3d 893, 972-73 (D.N.M. 220), aff'd in part, appeal dismissed in part, No. 20-2176, 2022 WL 16941735 (10th Cir. Nov. 15, 2022).  That did not happen.  Accordingly, Plaintiff has not stated a cognizable claim against the School Defendants under Section 1983.

    Plaintiff's response brief appears to accept these deficiencies and pivots to argue that his complaint "clearly asserts violations of the Fourth and Fourteenth Amendment" against the School Defendants.  ECF No. 13 at 8-9.  However, Plaintiff's amended complaint does not discuss the conduct of the School Defendants in its cause of action for Section 1983 violations.  See ECF No. 3 at 15-19; id. at 16, ¶ 5.35-5.36; 17, ¶ 5.39.  It strains the plain meaning of the complaint to read in a claim for Fourth or Fourteenth Amendment violations against the School Defendants.  Plaintiff's Section 1983 claims are therefore dismissed.[3]

## VI.  Leave to Amend

    As the foregoing indicates, Plaintiff's first amended complaint, ECF No. 3, is deficient in multiple respects, and the claims against the School District

---

[3] Having determined that the Section 1983 claims should be dismissed, the Court does not reach the issue of whether Defendants are entitled to qualified immunity.

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 17

Defendants should be dismissed. Plaintiff represents that he is entitled to amend his complaint as a matter of course under Rule 15(a)(1) because his first amended complaint at ECF No. 3 did not change his original complaint at ECF No. 1 in any substantive respect; rather, it merely attached an updated civil cover sheet and signature page to the pleading. ECF No. 13 at 10-11.

Even if the Court were to credit this argument, the time for Plaintiff to amend as a matter of course has now passed. *See* Fed. R. Civ. P. 15(a)(1) (providing that a party may only amend its pleading as a matter of course 21 days after the service of said pleading or 21 days after the service of a motion under Rule 12(b)). The School Defendants served their 12(b)(6) motion to dismiss on January 29, 2024, and Plaintiff did not amend the pleading in the 21 days thereafter. Thus, Plaintiff may only amend the pleading with Defendants' written consent or the Court's leave. Fed. R. Civ. 15(a)(2).

As it stands, neither complaint is a model of clarity. Nevertheless, given the serious nature of the factual allegations, the Court will grant Plaintiff leave to file a second amended complaint within thirty (30) days of this Court's Order. If Plaintiff intends to supplement the factual basis for his claims against Defendant Morales, or to present claims for vicarious liability or Fourth or Fourteenth Amendment violations against the School Defendants, then Plaintiff needs to do so in a manner that is clear and cognizable. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 18

that states a claim for relief *must* contain . . . a short and *plain* statement of the claim showing that the pleader is entitled to relief.") (emphasis added).  Any future inadequately pled and/or futile allegations will be dismissed upon the filing of a second motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**.

2. Plaintiff's claims against Chiawana High School are **DISMISSED WITH PREJUDICE**.  Chiawana High School is terminated from this case.

3. Plaintiff's request for leave to amend is **GRANTED.**  Plaintiff may amend his complaint within thirty (30) days from this Court's Order.

The District Court Executive is directed to enter this Order and furnish copies to counsel.  The file remains **OPEN**.

DATED April 4, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS ~ 19